UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FREDDIE WILSON,

    Petitioner,

v.                                      Case No. 4:19cv177-RH-HTC

KIMBERLY K. SPENCE,

    Respondent.
_____/

ORDER and
REPORT AND RECOMMENDATION

    This case is before the Court on Petitioner's second amended petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241 (ECF Doc. 9), and Motion to Expand the Record to Include a Photocopy of a Letter Written to Mrs. Gaines and Mrs. Kimberly K. Spence (ECF Doc. 8). The case has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After reviewing the second amended petition and the motion to expand the record, the undersigned concludes both the petition and motion should be DENIED.

    I.    Background

    Petitioner Freddie Wilson is serving a 102-month sentence imposed by the U.S. District Court for the Middle District of Florida. *See United States v. Wilson*,

788 F.3d 1298, 1304 (11th Cir. 2015). At the time he filed the second amended petition, Wilson was confined in Tallahassee, Florida, at a halfway house operated by Keeton Corrections, Inc. ("Keeton"). Wilson's second amended petition does not challenge his conviction or the length of his sentence; instead, Wilson requests an order directing the Bureau of Prisons ("BOP") to immediately place him in home confinement at his sister's house for the remainder of his sentence. Wilson argues: (1) he meets the criteria for home confinement set forth in BOP Program Statement 7320.01; and (2) he should be placed in home confinement because his expected release date is November 30, 2019, and he has less than six (6) months remaining on his sentence.[1]  *See* 18 U.S.C. § 3624(c)(2) ("The authority under [18 U.S.C. § 3624(c)] may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.").

II. Discussion

A. Motion to Expand the Record

Through his Motion to Expand the Record to Include a Photocopy of a Letter Written to Mrs. Gaines and Mrs. Kimberly K. Spence, Wilson requests that the Court consider letters he submitted to employees of Keeton in which he asks to be placed on home confinement. ECF Doc. 8. Petitioner's motion to expand the record (ECF

---

[1] Petitioner voluntarily abandoned the other arguments for habeas relief he raised in his amended petition.

Case No. 4:19cv177-RH-HTC

Doc. 8) will be DENIED. Except for statements about his disciplinary history, Wilson has incorporated the information in the letters into his second amended petition (ECF Doc. 9). Furthermore, the letters do not support Wilson's claim for relief under 28 U.S.C. § 2241.

      B.     Mootness

On July 2, 2019, the clerk docketed a notice from Wilson which indicates he was scheduled to be placed on home confinement at his sister's house on July 12, 2019. ECF Doc. 10. Wilson's transition to home confinement moots this case. *See Walker v. Sanders*, 385 F. App'x 747, 2010 WL 2640358, at *1 (9th Cir. 2010) (holding § 2241 petition requesting placement in a Residential Reentry Center ("RRC") was mooted by prisoner's transfer to an RRC). Because Wilson appears to have obtained the relief he sought through his second amended petition, the petition should be denied as moot. *See Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) ("If events that occur subsequent to the filing of a lawsuit . . . deprive the court of the ability to give the plaintiff . . . meaningful relief, then the case is moot and must be dismissed.") (citation omitted).

      C.     Second Amended Petition

Even if Wilson's second amended petition is not moot, it does not present a cognizable claim for habeas relief. The BOP has the authority and discretion to designate a federal prisoner's place of confinement, considering: "(1) the resources

of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence . . . and (5) any pertinent policy statement issued by the Sentencing Commission[.]" 18 U.S.C. § 3621(b). Under 18 U.S.C. § 3624(c) the BOP "shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1). "The authority under [§ 3624(c)] may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. The [BOP] shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph." 18 U.S.C. § 3624(c)(2). However, a federal prisoner "has no right pursuant to § 3624(c) to placement in any particular type of pre-release program[,]" *Zamarripa v. Peterson*, 105 F. App'x 253, 254 (10th Cir. 2004), and nothing in § 3624(c) limits or restricts the authority of the BOP to designate the place of a federal prisoner's confinement under § 3621(b), 18 U.S.C. § 3624(c)(4).

The BOP's individualized determination regarding when, or if, Wilson should be moved from a halfway house to home confinement under § 3624(c) is a decision

on his facility placement under § 3621(b). "Under the Administrative Procedure Act ("APA"), habeas corpus may be used to challenge BOP action." *Klatch v. Rathman*, Civil Action No. 1:13-CV-01452-WMA, 2014 WL 537021, at *10 (N.D. Ala. Feb. 10, 2014) (citing 5 U.S.C. § 703). "However, in 18 U.S.C. § 3625, Congress has specified that the sections of the APA governing judicial review, 5 U.S.C. §§ 701-706, do not apply to 'the making of any determination, decision, or order under' any provision of 18 U.S.C. §§ 3621 to 3626." *Id.* "[T]he Eleventh Circuit has indicated in a § 2241 habeas action that § 3625 entirely precludes judicial review of determinations made by the BOP under the relevant statutes except to the extent that a prisoner seeks to challenge[] the underlying rules and regulations that establish the criteria governing the BOP decisionmaking process." *Id.* (citing *Cook v. Wiley*, 208 F.3d 1314, 1319 (11th Cir. 2000)). Thus, "[w]here judicial review under the APA is specifically excluded by statute, the United States Supreme Court has found that two questions are still appropriate for the Court's review: (1) whether any cognizable constitutional claim has been presented; and (2) whether the agency's interpretation of the statute is contrary to well-settled law." *Santiago-Lebron v. Fla. Parole Comm'n*, 767 F. Supp. 2d 1340, 1351 (S.D. Fla. 2011) (citations omitted).

Here, Wilson's allegations do not present a constitutional claim because he does not have a liberty interest in either his custodial classification, *Jennings v. Fed. Bureau of Prisons*, 344 F. App'x 954, 955 (5th Cir. 2009) ("An inmate lacks any

Case No. 4:19cv177-RH-HTC

constitutional interest in custodial classification, and his disagreement with his classification is insufficient to state a constitutional violation.") (citation omitted), or rehabilitative programs, such as home confinement, *Baranwal v. Stone*, No. CV 314-098, 2015 WL 171410, at *3 (S.D. Ga. Jan. 13, 2015); *see also Parsons v. Howard*, Civil No. 3:18-cv-1406, 2019 WL 46913, at *3 (M.D. Pa. Feb. 6, 2019) (finding the "BOP has the discretion to determine if, and when, to assign Petitioner to home confinement" and concluding "[t]he BOP does not owe Petitioner a duty to place Petitioner in home confinement").

Furthermore, Wilson does not argue the BOP's interpretation of any statute is contrary to well-settled law. Instead, he argues that the Court should reconsider and overrule the BOP's placement determination. The Court, however, is precluded from doing so by § 3625. *See Klatch*, 2014 WL 537021, at *11 ("In short, Klatch is asking this court to order the BOP to grant him more time in a halfway house under § 3624(c) based on this court's own renewed weighing of the circumstances of his particular case in light of the various objectives and practical limitations of the community re-entry program. However, this court is precluded under § 3625 from engaging in such second-guessing of the BOP's discretionary determination on that account. This claim is due to be denied."). Wilson, therefore, is not entitled to habeas relief and his second amended petition should be denied.

Accordingly, it is ORDERED:

1. Petitioner's Motion to Expand the Record to Include a Photocopy of a Letter Written to Mrs. Gaines and Mrs. Kimberly K. Spence (ECF Doc. 8) is DENIED.

And it is RECOMMENDED:

1. That Petitioner's second amended petition for writ of habeas corpus (ECF Doc. 9) be DENIED.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 17th day of July, 2019.

                              /s/ *Hope Thai Cannon*
                              **HOPE THAI CANNON**
                              **UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No. 4:19cv177-RH-HTC